THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN TALIAFERRO, Defendant-Appellant.

(No. 11280;

Fourth District—October 29, 1970.

Frederick P. Erickson, of Decatur, for appellant.

Honorable Basil G. Greanias, State's Attorney of Decatur, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

On his plea of guilty to aggravated battery, the defendant was sentenced one to three years in the penitentiary after a denial of probation. His contention is that the trial court abused its discretion in denying probation in this case. We cannot agree.

Ill. Rev. Stat. 1969, ch. 38, par. 117—1, prescribes three requirements for the admission of a defendant to probation. They are: (1) The defendant is not likely to commit another offense; (2) the public interest does not require that the defendant receive the penalty provided for the offense; and (3) the rehabilitation of the defendant does not require that he receive the penalty provided for the offense. Defendant's position is rather succinctly stated in his brief when he says "the trial court abandoned the concept of rehabilitation in favor of punishment, without regard for the best interest of either the defendant or society". Probation is prohibited in capital offenses, the sale of narcotics and rape. In other crimes it is a matter of discretion and not a matter or right. To permit or to deny it rests characteristically in the sound judgment of the trial

court. Our posture in review is limited to a determination of whether or not the trial court abused its discretion. These principles almost reach ritualistic status.

The defendant in this case was married, had a ten-month-old child, had had no previous criminal record, was a good worker, had had an argument with his wife the previous night and she decided to take their child and go to the home of her mother for a while at least, if not to stay permanently. The defendant laid off work, drove his wife and child to her mother's residence and there got into an argument with his seventeen-year-old brother-in-law while he was unloading the clothing from the car. A heated argument ensued and the brother-in-law threatened to go into the house to get a gun and shoot the defendant. The defendant pursued him and stabbed him twice in the back with a pocketknife. The record further indicates that there had been difficulties between the defendant and some of his other in-laws which did not result in any criminal misbehavior.

■■ Without detailing the careful review of the trial judge concerning the philosophy of probation, it is quite apparent he was thoroughly familiar with the facts, the circumstances, the evidence and the past record of this defendant and that because of the violence and the use of a knife, he concluded that probation was not in the best interest either of society or the individual. He pointed out that a case of this character is just one short step removed from murder. He stated "in a case of this kind, it's possible that society is not served by a period of incarceration, but at least it will demonstrate to a defendant that this conduct is not the kind that the courts or society will condone. If you want to call it pure punishment go ahead, but some punishment must be meted out in view of the operative facts here". The court points out that one of the most reprehensible terms known to the English language is "stabbed in the back" and observed that that is exactly what happened here. He noted that there was nothing in the past history or record of this defendant that either excused or explained his conduct. Neither did his testimony. His past was without blemish. That fact did not deter what happened here. Such being the case, it would seem equally sound that the existence of that good past would not *per se* preclude a recurrence. In short, the trial judge fully analyzed the circumstances. He recognized and considered the implication as to the individual and as to society. We cannot say that he abused his discretion when he took into consideration the occurrence events, the nature of the offense and its seriousness, and considered the effect of proper punishment on this defendant and on society as a deterrent. We cannot say from this record and without the opportunity to have observed the defendant in the courtroom that the trial

judge abused his discretion or that the best interest of society does not require that the defendant receive the penalty provided for the offense. Both society as well as this defendant may learn from this sentence that conduct of this character is not the kind that either the courts or society will condone. In determining the best interest of society under the probation statute, we may not lightly toss out of the window the deterring effect of a penitentiary sentence, both on society and on the individual himself. If a sentence is not a deterrent and a sentence is justified only after a previous criminal record, it is for the General Assembly to incubate that policy and not the courts. We cannot find that there was an arbitrary denial of probation or an abuse of discretion. The judgment is affirmed.

Judgment affirmed.

CRAVEN, P. J. and TRAPP, J., concur.